## C. M. PILCHER v. THE STATE.
### *No. 267. Decided February 7.*

1. **Aggravated Assault and Battery — Evidence — Res Gestæ.—** On a trial for aggravated assault and battery upon a woman, *held*, that her statements with regard to the occurrence, and the nature of the wounds and bruises upon her body, made within ten minutes after the assault, was res gestæ and admissible as evidence. Citing Costello v. The State, 31 Texas Cr. Rep., 145.

2. **Expert Evidence.—**It is not necessary that a witness should be an expert to qualify him to testify to the fact that bruises were inflicted, or as to their appearance when he examined them.

**3. Aggravated Assault and Battery—"Adult Male"—"Female."**
On a trial for aggravated assault and battery alleged to have been committed by
an adult male upon a female, where the evidence showed that the accused was the
constable of his precinct, discharging the duties of his office, and that the as-
saulted party was a widow, and that at the time of the assault she had been five
months in a pregnant condition, *held*, that the evidence was sufficient to estab-
lish the fact that the former was an adult male, and the latter a female.

APPEAL from the County Court of Eastland.     Tried below before Hon.
W. G. DAVENPORT, County Judge.

This appeal is from a conviction for aggravated assault and battery by
an adult male upon a female, wherein the punishment was a pecuniary
fine of $25.

The witness John Alvey testified, in behalf of the State, as follows:
My name is John Alvey. I live ten miles southwest from the town of
Cisco. I was at Cisco on the 12th day of August, 1893, when defendant
arrested Katie Moore. I was in George Harris' saloon at the time. I
was attracted by the noise of some one hallooing and screaming. When
I got to the place where I heard the noise, which was near the lumber
yard, and about fifty yards from the calaboose, I saw defendant (C. M.
Pilcher), Tom Standifer, and Charley Graven carrying Katie Moore to
the calaboose. Defendant had hold of one arm, Tom Standifer the other,
and Charley Graven had hold of her feet. Katie Moore was hallooing
and screaming, and begging them to let her loose, and that she would
walk. She said, while they were carrying her, that she was in a family
way; and Pilcher, the defendant, replied, that he would kick the d—n
bastard out of her. I got there just a short time before J. G. Eppler, the
marshal, got there. They carried her about twenty steps after I got there,
when Eppler came up and told Pilcher to turn her loose, and she got up
and walked into the calaboose. I was not there all the time that they
were bringing her (Katie) from Dolph Holloe's saloon, and did not see
defendant kick or strike Katie. I went on with the crowd to the cala-
boose, and saw Jonathan Eppler lock the calaboose door on Katie and
Pearl. Immediately after Katie was placed in the calaboose I had a con-
versation with her, and she showed me some blue places on her arms and
one bruised place on her stomach. She said that defendant kicked her
in the stomach, and that he inflicted the bruised places on her arms (to
which evidence defendant objected).

Cross-examined: My feelings towards defendant are not good. I said
on the evening of the arrest, that in this one case I would like to be
a witness, but did not tell Tom Donovan that I would ride ten miles to
get to testify against the defendant. Katie did not tell me that de-
fendant kicked her in the side, but said that he kicked her in the
stomach. I did not see Katie try to strike defendant with clods of dirt

or rocks, nor did I see her throw her hat at him, or try to strike him with her parasol.

Redirect: When she showed me her bruises, in the calaboose, she was complaining greatly, and requested me to go after the doctor, which I did, but he refused to go to see her.

The witness Gilbert testified, for the State, as follows: I was in Louis March's saloon, at Cisco, on the 12th day of August, 1893, when defendant had Katie Moore under arrest. I was attracted by the hallooing and screaming near the lumber yard, and when I got there the defendant, Tom Standifer, and Charles Graven were carrying Katie Moore to the calaboose. Sometimes they had her off the ground, and sometimes she was being dragged. She was crying and begging them to turn her loose and let her get up, and promised that she would walk. They did not turn her loose while I was there, as I only got there a short time before Mr. Eppler, the marshal, came, and then he told them to let her loose, which they did, and she got up and walked on to the calaboose. I heard Katie tell the defendant, Pilcher, while they were carrying her, that she was in a family way, and Pilcher said that he would kick the damn bastard out of her.

Cross-examined: At the time of the remark I did not see defendant kick Katie. I can not recollect all that Katie was saying to Pilcher (defendant) while he was carrying her to the calaboose, but she was cursing and abusing him.

Ed Townsend testified, in rebuttal, for the State: I am deputy sheriff of Eastland County. When Katie Moore was placed in jail at Eastland she showed me some bruised places on her arms, chest, and thighs. They looked like they all were of recent infliction and were made at the same time. They were of a bluish-green cast, and looked to be swollen. (To which evidence defendant objected.)

Defendant and one or more of his witnesses testified, that he did not kick or strike the prosecutrix, Katie Moore, and that the wounds and bruises upon her were self-inflicted in her struggles to free herself from them whilst they were carrying her to the calaboose.

*B. F. Cotton, J. E. Thomas* and *S. R. Dickey*, for appellant.— 1. An officer has a right to use whatever force is necessary in making an arrest. Code Crim. Proc., art. 255; Beaverts v. The State, 4 Texas Cr. App., 175; Giroux v. The State, 40 Texas, 97; James v. The State, 44 Texas, 314; Plasters v. The State, 1 Texas Cr. App., 673.

2. It was not proven by the State that the defendant was an adult male person; neither did the State prove that the alleged assaulted party, Katie Moore, was a female person. Collins v. The State, 5 Texas Cr. App., 38; Griffin v. The State, 12 Texas Cr. App., 423; Ranch v. The

State, 5 Texas Cr. App., 363; Schenault v. The State, 10 Texas Cr. App., 410; George v. The State, 11 Texas Cr. App., 95; Hall v. The State, 16 Texas Cr. App., 6; Bell v. The State, 18 Texas Cr. App., 53.

3. The court erred in permitting the witnesses John Alvey, Jonathan Eppler, and E. D. Townsend, over the objections of defendant, to testify as to what the prosecuting witness, Katie Moore, said about certain bruises on her body, and that defendant inflicted them, ten minutes or more after she had been placed in the calaboose; and the evidence of the witness Townsend, to the effect that he examined the wounds and bruises on the said Katie Moore's person, more than forty-eight hours after her arrest, and giving his opinion as to the time of their infliction. Defendant objected to said evidence, because the same was hearsay as to who inflicted the bruises, and no part of the res gestæ.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This conviction was for aggravated assault and battery, alleged to have been committed upon a woman.

The State was permitted to prove, that ten minutes after the assault, and immediately after being placed in the calaboose, she stated that defendant struck her and kicked her, at the same time stating the nature of the bruises on the different portions of her body; which was objected to by defendant, because the evidence was not res gestæ, and because the witnesses did not qualify as experts, etc.

The objections are not well taken. The evidence, we think, was res gestæ. For a discussion of the admissibility of such evidence as res gestæ, see Castillo v. The State, 31 Texas Criminal Reports, 145. The witness Townsend examined the wounds and bruises about twenty-four hours after their infliction, and testified as to their "nature." The objections urged to this evidence was, the witness did not qualify as an expert nor claim any special knowledge in the matter of bruises. The bill does not disclose the evidence of the witness in regard to the "nature" of the bruises. It is not necessary that a witness be an expert as a prerequisite to testifying to the fact that bruises were inflicted, or to their appearance when examined.

The further contention of defendant, that the verdict of the jury is unsupported by the evidence, is not well taken. If the witnesses for the State are to be credited, the assault was clearly proved. This was denied by the defendant. The issue was decided adversely to him. The issues were fairly submitted to the jury by the instructions of the court. It is also contended that the evidence fails to show that defendant was an adult male, and the assaulted party a woman. Defendant was the constable of his precinct, actively discharging the duties of that office, and the assaulted party was a widow, whose husband had been dead three years,

and it was shown also that she was then, and had been for five months, in a pregnant condition. We think these facts are ample to prove the sex of the respective parties.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.