EARL SHANNON V. THE STATE.

No. 10098.    Delivered June 2, 1926.

**Robbery—Evidence—Attorneys at Law—Are Competent Witnesses.**

Where, on a trial for robbery, the court refused to permit appellant's attorneys, W. A. Tarver and T. W. Lovett, to testify as to contradictory statements made to them by the state's witness Phipps, before the trial, of his evidence given upon the trial, it was error to exclude this testimony on the ground that attorneys representing the accused cannot give testimony in behalf of their client, secured by them as his attorneys. We find no statute nor decision in this state which disqualifies an attorney as a witness. See Art. 788 C. C. P. 1925.

Appeal from the District Court of Navarro County. Tried below before the Hon. Hawkins Scarborough, Judge.

Appeal from a conviction of robbery, penalty five years in the penitentiary.

The opinion states the case.

*Davis, Jester & Tarver,* and *Gibson, Lovett & Lovett* of Corsicana, *C. H. Machen* of Mexia, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is robbery, and the punishment is five years in the penitentiary.

The state's testimony is sufficient to support the verdict, while on the other hand the defendant introduced testimony which if true is entirely sufficient to show that he was not in

any wise connected with the robbery. The record shows that one Phipps and A. L. English were partners and as such owned the store that was robbed. Phipps was not present at the time of the robbery but the store was in charge of English, and Phipps came to the store about five minutes after the robbery is alleged to have occurred. On the trial of the case, Phipps testified that later on in the night English told him that Shannon, the appellant, was one of the parties who held him up. For the purpose of contradicting the testimony of Phipps as to what English told him, appellant offered to prove by W. A. Tarver and T. W. Lovett, each of whom was counsel in the case that they had talked to Phipps before announcing ready for trial and that Phipps had told them that English had wholly failed to identify any of he parties who robbed him, save and except H. A. Clements. The state objected to this testimony and the court excluded it. In qualifying the bill as to why it was excluded the court says that he considers it an improper rule of evidence for an attorney to privately talk to a witness after the witness has been instructed by the court to talk to said attorney, and then for said attorney to take the witness stand and impeach the witness as to what was said in the private conversation between them. It is proper to say that the record further shows that Phipps refused to talk to appellant's attorneys until he was instructed to do so by the court, but that after being so instructed he did talk to said attorneys and that at the time of so doing he had not been sworn as a witness in the case. We think the court was clearly in error in excluding this testimony. Art. 788, 1925 Revision C. C. P. provides that all persons are competent to testify in criminal actions except the following:

"1. Insane persons, who are in an insane condition of mind at the time when they are offered as witnesses, or who were in that condition when the events happened of which they are called to testify.

"2. Children or other persons, who, after being examined by the court, appear not to possess sufficient intellect to relate transactions with respect to which they are interrogated, or who do not understand the obligation of an oath.

"3. All persons who have or may be convicted of felony in this state, or in any other jurisdiction, unless such conviction has been legally set aside, or unless the convict has been legally pardoned for the crime of which he was convicted. But no person who has been convicted of perjury or false swearing,

and whose conviction has not been legally set aside, shall have his competency as a witness restored by a pardon unless such pardon by its terms specifically restores his competency to testify in a court of justice."

We find nothing in this statute which by any construction of it could include attorneys as being among those who are declared to be incompetent to testify. On the contrary, their right to do so is expressly upheld by Mr. Wharton in his work on Criminal Evidence, Sec. 385.

Believing that the court was in error in excluding this testimony, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.