## DUTCH HENDRIX V. THE STATE.

No. 10487.   Delivered December 15, 1926.

**1.—Burglary—Evidence—Improperly Admitted—Not Res Gestae.**

Where, on a trial for burglary, it being shown that the owner of the house entered discovered the burglars and fired two shots at them from a shotgun, and after the occurrence the said owner went to the house of a witness, Perkins, some three or four hundred yards distant, and about fifteen to twenty-five minutes thereafter, and said to witness, Perkins, that it was Dutch Hendrix (appellant) and Clarence Banks who had entered his house, such statement was not res gestae, and was erroneously admitted.

**2.—Same—Res Gestae—Rule Stated.**

The prerequisite of a res gestae statement is spontaneity, and this is a deduction from facts, and such facts are usually necessary as would show there has been no change in the mental condition of the party making the statement, from the time of the occurrence until the statement is made. Statements made fifteen or twenty minutes after the occurrence, which are made calmly, coolly, and collectively, cannot be held admissible on the theory of res gestae.   See McNeal v. State, 43 S. W. 792; Brown v. State, 44 S. W. 174; Ford v. State, 40 Tex. Crim. Rep. 283, and Casey v. State, 97 S. W. 496.

Appeal from the District Court of Freestone County.   Tried below before the Hon. A. M. Blackmon, Judge.

Appeal from a conviction of burglary, penalty five years in the penitentiary.

The opinion states the case.

*Bryant & Goar* of Wortham, and *P. O. French* of Fairfield, for appellant.   On res gestae declarations, appellant cites:

Heffernan v. State, 266 S. W. 507.

Hughes v. State, 272 S. W. 474.

Hollingsworth v. State, 182 S. W. 465.

White v. State, 10 Tex. Crim. App. 381.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Freestone County of burglary, punishment five years in the penitentiary.

There is but one bill of exception by which complaint is presented of the admission of the testimony of witness, Perkins, who gave evidence of the fact that some time after the commission of· the alleged offense, and upon the same night, the owner of the alleged burglarized premises came to his house and told him that appellant and another were the parties who

committed the offense. This was admitted by the court upon the theory that it was res gestae.

The home of Alfred Dunbar was entered in the night time by two persons who broke into a room occupied by the two daughters of Dunbar, and began an assault upon said two girls who gave the alarm, and Dunbar went into the room with a shotgun and in the difficulty that ensued fired his shotgun twice and the marauders made their escape. The defense was alibi. Dunbar, his wife and daughters testified to the identity of appellant as one of the two men. By a number of witnesses appellant sought to establish that he was at another and different place on the night in question. The issue of identity was sharply contested. The witness, Perkins, said that he lived three or four hundred yards from Dunbar's house, maybe a little farther; that he heard the shooting there on the night of the alleged burglary; heard two shotgun shots first and later a pistol. On direct examination he testified that Dunbar came to his house that night about fifteen or twenty minutes after the gun fired, might have been fifteen or twenty-five minutes, and when he walked up to witness he said: "Did you hear the trouble I was in down there?" Witness replied that he heard the shots and asked what it was and who they were, and Dunbar replied: "Dutch Hendrix and Clarence Banks." On cross-examination this witness testified: "I heard the pistol fire one time after the two shots from the shotgun;" that the pistol shot was about twenty-five minutes possibly after the shotgun was fired, and after the pistol was fired Dunbar came to his house. We have examined the bill of exceptions as well as the testimony of this witness set out in the statement of facts and find in neither any showing of excitement, agitation or other facts supporting the proposition that when Dunbar reached the home of Perkins he was in such condition as seems made requisite under all the authorities, in order to make such statement admissible as part of the res gestae. The prerequisite of a res gestae statement is spontaneity and this is a deduction from facts, and such facts are usually necessary as would show there has been no change in the mental condition of the party making the statement from the time of the occurrence until the statement is made. We know of no authority holding that one who makes a statement fifteen or twenty minutes after the occurrence, which statement is made calmly and coolly and collectively, can have the statement held admissible on the theory of res gestae. Statements made fifteen minutes after a homicide, not shown by the bill of exceptions to have been made under agitation or

excitement, or without break, were held inadmissible in McNeal v. State, 43 S. ,W. 792.    See Brown v. State, 44 S. W. 174; Ford v. State, 40 Tex. Crim. Rep. 283; Casey v. State, 97 S. W. 496.   It is said there is no limit of time in which the res gestae are arbitrarily confined, but that they vary with each particular case, and that they need not be coincident as to time if they are joined by the existing feeling without break or let-down, from the moment of the event they elicit.   McGee v. State, 31 Tex. Crim. Rep. 74; Bronson v. State, 59 Tex. Crim. Rep. 17; Rainer v. State, 148 S. W. 735.    It is also stated that statements made in response to leading questions which have not the elements of instinctiveness or spontaneity are not admissible.   Faulkner v. State, 43 Tex. Crim. Rep. 325; Chapman v. State, 43 Tex. Crim. Rep. 338; Lockhart v. State, 53 Tex. Crim. Rep. 593.   Being unable to find justification for the admission of this testimony, the only possible claim for same being res gestae arising from the fact of the nearness in point of time, and there being no showing of any of the other requisites of res gestae, we are constrained to hold the admission of this testimony erroneous.   It was upon a very vital issue in the case and may have been appropriated by the jury to the injury of the appellant.   For the error of the court in admitting same, the judgment is reversed and the cause remanded.

*Reversed and remanded.*