### H. A. CLEMENTS V. THE STATE.

No. 10298. Delivered February 16, 1927.

Rehearing denied May 11, 1927.

**1.—Robbery With Firearms—Evidence—Res Gestae—Properly Admitted.**

Where, on a trial for robbery with firearms, there was no error in admitting declarations and statements of the parties who were robbed, made at the time and within five minutes after the robbery as to the identity of the robbers, same were clearly res gestae and properly received.

**2.—Same—Evidence—Properly Admitted.**

There was no error in permitting one of the parties who was robbed to explain why he did not report the robbery to the constable the morn-

ing after it occurred, the appellant having proven on his cross-examination of said witness that he did not report the robbery to the constable, witness was entitled to make this explanation.

**3.—Same—Evidence—Properly Excluded.**

There was no error in refusing to permit appellant to prove by the witness Jolly a conversation between said witness, and Elbert Phipps, the owner of the store, after the robbery and before the arrest of appellant, said witness Phipps not having been present at the scene of the robbery, and not having testified as to the identity of appellant, nor either of his co-defendants, and no proper predicate for his impeachment having been laid.

ON REHEARING.

**4.—Same — Declarations of Third Parties — When Res Gestae — Are Admissible.**

While the general rule is well settled that declarations of third parties, after the commission of an offense which are not made in the presence of the accused, are not admissible, this rule does not apply to res gestae declarations. The statement of the witness English, immediately after the robbery, that he knew appellant was one of the robbers, being clearly a res gestae declaration, was properly admitted. Distinguishing Anderson v. State, 14 Tex. Crim. Rep. 49 and other cases cited in opinion on rehearing.

Appeal from the District Court of Navarro County. Tried below before the Hon. Hawkins Scarborough, Judge.

Appeal from a conviction for robbery with firearms, penalty five years in the penitentiary.

This is a companion case to that of Shannon v. State, 284 S. W. 586.

*Gibson, Lovett & Lovett,* and *Davis, Jester & Tarver* of Corsicana, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, JUDGE.—The appellant was convicted in the District Court of Navarro County for the offense of robbery with firearms, and his punishment assessed at five years in the penitentiary.

This is a companion case to that of Shannon v. State, 284 S. W. 586. The state's testimony is sufficient to support the verdict, while, on the other hand, the defendant introduced testimony that would, if believed, entirely exonerate him. The record shows that one English and Phipps owned a store at Curry, Navarro County, Texas, and that the store was robbed on one Sunday night about nine o'clock, at which time English, one of the owners of the store, and a man by the name of Boone

and one Kelley were inside of the store with the lights on engaged in playing some kind of a game. The robbers, one of whom is alleged to have been the appellant, came in the front door armed and with handkerchiefs over their mouths. There were three of them in the party, two of whom came into the store and did the robbing, the other remaining on the outside. They were in the store but a few minutes and departed by the front door, the way they came in.

Bills of exceptions Nos. 1, 2, 3 and 4 complain that the trial court erred in permitting the witnesses A. L. English, E. B. Boone and H. E. Kelley to testify to conversations that took place at the time of and within five minutes after the robbery had been accomplished. This evidence was clearly res gestae and admissible.

Bill of exceptions No. 5 complains that the witness Elbert Phipps, in response to questions propounded to him by the County Attorney, testified as follows:

"One reason why I didn't tell Old Man Jones anything about the transaction on the next morning is because he was constable down there and was drunk half of the time and I didn't feel like he was capable of finding out anything. I didn't think he could do any good and felt that it would do more harm than good if I told him who was suspected and if he knew who it was I felt that he would like to tell them and I wanted to find out who the third man was."

The appellant recalled the witness Phipps, who was a state's witness, and proved by him that he saw Jones the next morning after the robbery and that he didn't tell Jones who committed the robbery. It was proper under the facts and circumstances of this case for the state to re-examine him, and the court committed no error in allowing the witness Phipps to explain why he didn't tell Jones who committed the robbery. The appellant cannot be heard to complain, having brought about the situation himself, and further we hold that if same was error it was not such an error as would warrant a reversal of the case.

Bill of exception No. 6 complains at the action of the trial court in not permitting appellant to prove by the witness J. H. Jolly that on the next day subsequent to the robbery and about the time defendant was arrested, that said witness Jolly had a conversation with the witness Elbert Phipps, the owner of the store that was robbed and the owner of the money that was taken, and that Phipps stated to said witness Jolly about the time appellant was arrested that they thought they had the right parties, yet he did not wish to make any mistake about the matter and that he would like to have the witness Jolly

keep on the lookout and give him the benefit of whatever he might be able to find out. The court refused to permit the witness to testify as to this conversation. The appellant contended that if Phipps made such a statement to Jolly it would be persuasive of the idea that neither Phipps nor his partner English were by any means certain that they had arrested the right parties and that this testimony would cast doubt on the identification of the appellant. We are unable to agree with appellant's contention.

The evidence in this case shows that Phipps was not present at the time of the robbery, and that English was present at the time appellant and his associates robbed the store. The witness Jolly testified on direct examination as follows: "I met Mr. English and he asked me if I had seen anybody come out that way, and I told him I had not, and he said: 'I have been hi-jacked,' and I said: 'Did you recognize any of them?' and he said 'No.'" The witness Phipps, not having been present at the time of the alleged robbery, could not possibly have identified appellant, and to have permitted witness Jolly to testify to the facts complained of in the bill would be in effect an effort to impeach the witness Phipps on a matter that he could not possibly have known anything about. We fail to see any error in the ruling of the court.

There being no other errors in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—English and Phipps were partners in business. On the night of the robbery English, Kelly and Boone were in the store playing dominoes. Parties entered the store, robbed English of about thirty dollars, which they took off his person, and took about $170 from the cash register. Immediately after the robbers went out of the store English said to Kelly and Boone that he knew appellant was one of the robbers, and that he (English) was going to get his gun and follow them. Phipps was not in the store when the robbery occurred, but reached it between five and ten minutes later; English then made to him practically the same statement about appellant being one of the robbers as he had made to Boone and Kelly.

These statements of English relative to appellant's identity were testified to by English himself and also by Boone and Kelly. Appellant renews his contention that admitting proof of English's statements was error calling for a reversal. In further reviewing this question we observe that appellant himself seems to have first gone into the subject. Upon direct examination the state confined itself to having English detail the facts of the robbery and testifying that he knew appellant was one of the robbers. On cross-examination appellant elicited from English the following: "The first man I told that this defendant, H. A. Clements, robbed me was Elbert Phipps—no, I will take that back; I told Boone and Kelly just after they went out that it was Cork (appellant)." Having opened up the subject it appears appellant was in no position to complain when the state on re-direct examination interrogated the witness about the same matter, and later asked Boone and Kelly about the conversation that appellant himself had introduced.

But waiving the foregoing suggestion, we have again examined into the question on account of appellant so earnestly insisting that the evidence complained of was inadmissible. It is appellant's proposition that where the identity of accused is in dispute it is error to permit in evidence acts and declarations of persons done and said after the commission of the offense in the absence of accused. We think the proposition as stated by appellant is too broad in that it fails to note that the acts and declarations of the injured party or of participants in a transaction would be admissible in evidence if coming within the rule of res gestae. Most of the authorities cited by appellant are cases where evidence of third parties was admitted to the effect that the owner of stolen property identified it in accused's absence under circumstances where no possible contention that it was res gestae could have been tenable. One of the earlier cases to which we are referred is Anderson v. State, 14 Tex. Crim. App. 49. In the very brief opinion in that case Judge White used this language:

"What Salkill said to a third party, *not being res gestae,* nor in the presence or hearing of accused, could and should not be used as evidence against the latter," thus very clearly indicating if the statement had been res gestæ it would have been admissible. In Bowen v. State, 47 Tex. Crim. Rep. 137, a witness testified about what deceased said with reference to the identification of accused as the one who had assaulted him. It was held inadmissible because it was not "shown to have been the dying declaration of deceased Hays, *nor is it shown to be a part of the res gestae.*" In the recent case of Hendricks v. State, 105

Tex. Crim. Rep. 463, 289 S. W. 38, evidence of a third party as to a statement made by the injured person that he identified accused was held improperly admitted because it was not res gestae. The distinction is quite apparent in rape cases. The state may prove as original evidence that prosecutrix reported the alleged outrage, but is confined to merely proving that she made complaint unless her outcry was res gestae of the attack. If it comes within that rule her statements and conduct are provable even to showing that she named her assailant. (Branch's Ann. Tex. P. C., Sec. 1784.) The distinction drawn is very clear in Turman v. State, 50 Tex. Crim. Rep. 795 S. W. 533. In that case the state was permitted to prove that after being assaulted prosecutrix fled from the scene and fainted. This was held admissible as being res gestae of the transaction; but evidence that later she again fainted upon identifying her assailant was held inadmissible as not being within the res gestae rule. We have been unable to agree with appellant's contention that the evidence objected to was not res gestae of the robbery.

It is our opinion that appellant's motion for rehearing should be overruled, and it is so ordered.

*Overruled.*

Morrow, P. J., not sitting.