E. C. Van Winkle v. The State.

No. 12460.   Delivered April 10, 1929.

The opinion states the case.

·R. T. *Correll* and J. W. *Payne* of Perryton, for appellant.

A. A. *Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for transporting intoxicating liquor, punishment being one year in the penitentiary.

A deputy sheriff at Spearman suspicioned that appellant and Haynes Douglass were going somewhere after liquor. He telephoned to the sheriff and upon his arrival the deputy gave him such information as the deputy had. It is unnecessary to set out the extent of the information, or observation by the deputy of the parties as the case turns upon subsequent developments. The officers drove out several miles on the same road appellant and Douglass had previously taken and secreted themselves. When appellant and Douglass came back the officers drove in behind them and followed their car some distance. So far as was observable to the officers the parties were violating no law. The officers drove up behind them, honked their horn for a passing signal. Appellant looked back, apparently recognized the officers, and things immediately began to happen. Douglass—who was driving—commenced to steer his car in a zigzag manner so the officers could not pass or come along side, and appellant got busy with something in the front part of the car like—as the officers described it—"he was fighting something." A liquid and broken glass were seen pouring from the car and the odor of whiskey was wafted to the officers' nostrils. Finally by shouting at them and firing a pistol appellant and Douglass were stopped; broken glass, ·three fruit jar tops and much spilled liquid were found in the car; some of the liquid was caught in one of the jar tops, tasted by the officer who, from the taste and smell, said it was whiskey. Following the zigzag track of the car back for a hundred yards broken glass and liquid on the ground were found. The sheriff testified that his purpose was to see if appellant and Douglass were transporting liquor,and that he intended to stop them if they gave him a chance; that he expected something to happen just as it did, but that he didn't know "they would break the liquor when I tooted my horn at them. I tooted my horn to get by. * * * The reason I would not have stopped them if I had not observed these things was because I wouldn't have been within the law; I didn't have a search warrant. I had no search warrant

and I understood that unless something occurred there that would put me on notice that I had no right to arrest them, and therefore, I hadn't seen anything and didn't intend to arrest them until I saw these things." We commend the sheriff for the accuracy of his knowledge of the law and appreciation of the extent of his rights in the premises. The conduct of appellant and Douglass and the observations of the officers immediately preceding the search furnished "probable cause" for the arrest of appellant and his companion and the search of the car. Battle v. State, 105 Tex. Cr. R. 568, 290 S. W. 762; Rochelle v. State, 107 Tex. Cr. R. 79; 294 S. W. 860; Washington v. State, 107 Tex. Cr. R. 214, 296 S. W. 512, in which the facts are very similar to the present case. For collation of other authorities see Coats v. State, 108 Tex. Cr. R. 298, 1 S. W. (2d) 288.

Appellant defended on the ground that the liquid was denatured alcohol which Douglass had bought to use in the radiator of his car. This issue was properly submitted and the jury settled it against appellant's claim.

Complaint is brought forward because the court permitted one of the officers to testify that within three or four minutes after the parties were stopped Douglass said the liquid which had been in the jars was "water." Appellant denied having heard this statement and the officer was not able to say he did hear it. It was admitted as a res gestae declaration by one of the participants. The court's ruling is sustained by Weathersby v. State, 29 Tex. Cr. R. 278, 15 S. W. 823; Eggleston v. State, 59 Tex. Cr. R. 542, 128 S. W. 1111; Clements v. State, 106 Tex. Cr. R. 628, 294 S. W. 589.

The judgment is affirmed.

*Affirmed.*