**Robert McLANE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 36670.**

Court of Criminal Appeals of Texas.

June 3, 1964.

Tom Moore, Jr., Waco, for appellant.

Don Hall, Dist. Atty., Bob Hillin, Asst. Dist. Atty., Waco, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for robbery by assault; the punishment, enhanced under Art. 62, V.A.P.C., by reason of a prior conviction for an offense of like character, life imprisonment.

The state's evidence was undisputed that on the night in question an armed bandit wearing a woman's silk stocking over his head entered the Hickory Stick restaurant on North 18th Street in the city of Waco and robbed the place by assaulting the cashier, Marguerite Darden, and taking $758.12 from the cash register.

Mrs. Darden, called as a witness by the state, described in detail the robbery and positively identified the appellant as the man who robbed her. She stated that the stocking which appellant was wearing fit loosely over his head and had a runner in it, and that during the robbery she studied and could discern his facial features. She further testified that soon after the robber fled from the scene, some men brought a photograph into the place which she identified as a picture of the robber and that the following day she identified appellant at a police line-up as the man who committed the robbery.

Two photographs brought to the restaurant soon after the robbery were introduced in evidence by the state without objection, as state's exhibits Nos. 1 and 2, and were shown by appellant's own testimony to be his photographs.

Rev. Eddie Hundley, who was seated at a table in the restaurant with his family at the time of the robbery, upon being called as a witness by the state, also positively identified the appellant, at the time of the trial, as the robber. Rev. Hundley testified that at the time of the robbery he studied the facial features of the man, and after the man fled he identified one of the pictures exhibited at the scene as a picture of the man who had been in the place.

Proof was made that appellant had been previously convicted in the same court, in the year 1957, of the offense of robbery, as alleged in the indictment.

As a witness in his own behalf, appellant admitted having been previously convicted of the offense of robbery, as charged, but denied that he was in the Hickory Stick restaurant on the night in question and committed the robbery.

In his testimony, appellant described in detail his actions and movements on the night in question and the places where he went.

Several witnesses in the restaurant at the time of the robbery were called by appellant to testify. With the exception of one of them, each testified that due to their distance from the robber or to the distortion of his features by the stocking they were unable to identify appellant as the guilty party. The witness Jacob Green, an employee of the restaurant, testified that appellant looked like the man. On several occasions during questioning of the witnesses by appellant's counsel as to appellant's identity, a silk stocking was placed over appellant's head and face in order that they could observe the extent of distortion of his facial features.

In his charge, the court submitted to the jury the appellant's defense of alibi. Such defense was by the jury rejected in their verdict.

We find the evidence sufficient to support the judgment.

Appellant predicates his appeal upon four points of error.

By points Nos. 1 and 2, appellant insists that the court erred in permitting the two state's witnesses, Marguerite Darden and Rev. Eddie Hundley, to testify that prior to identifying him in court they each identified him from a picture and in a police line-up. It is appellant's contention that such was, in effect, bolstering and supporting the witnesses and therefore improper.

An examination of the record reflects that no objection was made by appellant to the witnesses' testimony with reference to their having identified him at the police lineup. Nor does the record reflect that appellant made any objection to the testimony of the witness Hundley with reference to his observing a photograph at the scene which was of the man who had been in the restaurant and committed the robbery. Over appellant's objection, Mrs. Darden was permitted by the court to testify that soon after the robbery a man came into the place with a picture and "from what I could glimpse of it, I thought they had already caught the robber * * I went over there then and asked him to let me see the picture and when I looked at the picture, I said then, 'well, you've already caught him.' That that was the man that had robbed us."

The record reflects that the picture was one of two pictures brought to the scene, within five or ten minutes after the robbery, by news editor William M. Veal, Jr., of radio and television station KWTX in Waco. In the testimony, reference is made to the pictures having been brought to the scene immediately after the robbery.

■ Under the record it appears that the actions and spontaneous statements of Mrs. Darden at the scene shortly after the robbery were a part of the res gestae and admissible as such. Pilcher v. State, 32 Tex.Cr.R. 557, 25 S.W. 24; Tinsley v. State, 52 Tex.Cr.R. 91, 106 S.W. 347; Clements v. State, 106 Tex.Cr.R. 628, 294 S.W. 589.

Appellant's third point of error is that the court erred in permitting the state's witness, Ranger Perry Dickerson, upon being called in rebuttal by the state, to testify that he was present in the jail cell of appellant and heard him state that he did not want to say anything when asked by the district attorney if he would like to make a statement.

■ This testimony was admitted over appellant's objection that it constituted statements made by him while under arrest and without proper warning. While statements made by an accused under arrest and not reduced to writing after proper warning are ordinarily inadmissible, the statement made by appellant in the instant case was properly admitted by the court, under Art. 728, V.A.C.C.P., as part of a conversation which had been given in evidence by appellant.

On his direct examination, appellant testified:

"Until I was indicted * * * I thought I was going to the electric chair, because the district attorney of this county told me that If I didn't sign a statement and clear up these cases, that my life was in jeopardy, that I was going to the electric chair."

Since appellant testified to part of the conversation with the district attorney, the state was authorized under the statute to offer other portions of the conversation. Stickney v. State, 169 Tex.Cr.R. 533, 336 S.W.2d 133.

Appellant's last point of error is that the court erred in refusing to grant his motion for new trial on the ground of jury misconduct. In his motion, appellant alleged that during deliberations the jury received other evidence when one of the jurors, Charles W. Ortlip, Jr., borrowed a silk stocking from a female juror and placed it over his head in order to make a demonstration so that the other jurors could determine whether the state's witnesses Darden and Hundley could identify the person who committed the robbery while such person was wearing a lady's silk stocking over his head.

The motion was sworn to and supported by the affidavit of appellant's counsel, in which he stated that:

"* * * said jurors have discussed this occurrence freely and fully with

counsel for Defendant, but none will agree to sign the affidavit to that effect."

A motion to strike the motion was filed by the state on the ground that it was not supported by the affidavit of a juror or someone in position to know the facts.

Such motion to strike was by the court overruled, and testimony was submitted on the motion for new trial.

Upon the hearing, eleven of the jurors testified. From their testimony it was shown that the jury deliberated about an hour and a half before reaching their verdict and only one vote was taken on the question of appellant's guilt. Each juror stated that his or her mind was made up that appellant was guilty, when the jury left the courtroom to begin their deliberations.

During their deliberations, one of the jurors asked if a woman's stocking could be stretched. Thereupon, the juror Ortlip borrowed a stocking from a woman juror and placed it over his head. Some of the jurors testified that they did not pay any attention to the incident, as they had seen similar demonstrations in the courtroom. Others stated that they did observe the demonstration but that there was no real discussion of it. One of the jurors testified that the stocking episode "came around in a joking manner between the foreman and Mrs. Hansen." Another juror testified that the incident "came up through [his] kidding of Mrs. Hansen."

■ While as a general rule it is improper for a juror to perform experiments or demonstrations in the jury room, it is not every demonstration that calls for a reversal of the conviction. In the recent case of Ingram v. State, Tex.Cr. App., 363 S.W.2d 284, we said:

"In the absence of a showing that some new fact, hurtful to appellant, was discovered by the examination and experiment, which influenced the jury

in the case, such action by the jury would not require the granting of a new trial,"

citing Smith v. State, 90 Tex.Cr.R. 24, 232 S.W. 497, and also Smith v. State, 152 Tex.Cr.R. 399, 214 S.W.2d 471.

The record reflects that on several occasions during the trial there were demonstrations with stockings placed over the head of appellant as well as other persons. On one occasion, appellant's counsel and three other men entered the courtroom with stockings over their heads.

■ Under the record and the evidence adduced, the trial court was authorized to conclude that no new fact, harmful to appellant, was discovered by the demonstration in the jury room which influenced the jury in the case. In refusing to grant a new trial, no abuse of discretion is shown.

The judgment is affirmed.

Opinion approved by the court.