**Ex parte Robert Milam McLANE.**

**No. 40565.**

Court of Criminal Appeals of Texas.

July 19, 1967.

Tom Moore, Waco, for appellant.

Crawford C. Martin, Atty. Gen., A. J. Carubbi, Jr., George M. Cowden, Robert L. Lattimore and Allo B. Crow, Asst. Attys. Gen., Austin, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The relator seeks his discharge from confinement in the Texas Department of Corrections by his application for writ of habeas corpus.

In support of his application he relies upon the following facts:

On March 22, 1957, the relator was convicted in Causes Nos. 13,983 and 13,984, in the 54th District Court of McLennan County for two offenses of robbery by assault, both being committed on January 11, 1957, and he was assessed five years in each case to be served concurrently.

On August 24, 1959, the relator was convicted in the Criminal District Court of Dallas County for the unlawful possession of a pistol, a felony offense by reason of his prior conviction of robbery by assault in said Cause No. 13,984 in McLennan County.

In October 1963, the relator was convicted in the 54th District Court of McLennan County on an indictment alleging commission of the primary offense of robbery by assault on January 27, 1963, with the prior conviction of robbery by assault in Cause No. 13,983, in the same court on March 22, 1957, alleged for enhancement.

It is contended that only one of the relator's two prior convictions (Cause Nos. 13,-983 and 13,984,) which occurred on the same date and in the same court could be used by the state for the purpose of enhancing punishment; and that, the state having used No. 13,984, in the 1959 conviction in the Criminal District Court of Dallas County, the conviction in No. 13,983, was not available for use in the 1963 McLennan County conviction.

Garcia v. State, 169 Tex.Cr.R. 487, 335 S.W.2d 381, holding that under Art. 63, Vernon's Ann.P.C., a prior conviction is not available to enhance the punishment for an offense of which it is an essential element is not applicable to the instant case, as the appellant contends.

The prosecution under Art. 489c, V.A.P. C., is not governed by the rules applicable in a prosecution under the enhancement statutes. The unlawful possession of the pistol is alleged and used only as an element constituting a felony offense where a prior conviction for certain offenses are alleged in connection therewith. The prior conviction in Cause No. 13,983 was alleged and used only as an element in charging a felony offense and not for enhancement. Appellant's contention is overruled.

This holding should not be construed as restricting the further use of the prior conviction in No. 13,984, for the purpose of enhancing punishment.

The relator is presently confined under a conviction for the primary offense of robbery by assault with a prior conviction

for robbery by assault alleged for enhancement. McLane v. State, Tex.Cr.App., 379 S.W.2d 339.

The application for the writ is denied.