The judgment must be reversed and the cause remanded.

---

McILVEENE v. STATE.  (No. 9804.)

(Court of Criminal Appeals of Texas.  March 17, 1926.)

1. Criminal law ⬤⇒784(1).

Issue of circumstantial evidence *held* not raised, so as to require charge thereon.

2. Criminal law ⬤⇒394 — Intoxicating liquors ⬤⇒249—Evidence as to finding liquor in automobile searched without warrant held admissible; no warrant was necessary, where deputy sheriff saw defendant drive car while drunk (Pen. Code 1925, art. 690).

In prosecution for unlawfully transporting liquor, where defendant had been seen by deputy sheriff driving along public road in drunken stupor, no warrant for search of car was necessary, in view of Pen. Code 1925, art. 690, and evidence as to finding of intoxicating liquor in car was not inadmissible because search was made without warrant.

Commissioners' Decision.

Appeal from District Court, Jones County; Bruce W. Bryant, Judge.

J. M. McIlveene was convicted of unlawfully transporting intoxicating liquor, and he appeals.  Affirmed.

Brooks & Smith, of Anson, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

BAKER, J.  The appellant was convicted in the district court of Jones county for the offense of unlawfully transporting intoxicating liquor and his punishment assessed at one year in the penitentiary.

This is the second appeal of this case to this court.  The first appeal will be found in 272 S. W. 185, 100 Tex. Cr. R. 144.  The record discloses that the appellant was seen driving along the public road in an automobile in a drunken stupor, and stopped at the barn and in sight of the residence of the state's witness Hodges, who, together with the deputy sheriff, found the appellant to be very drunk, with a small quantity of whisky in a bottle on the seat near him, and about four quarts in the back part of his car.

The appellant has not favored us with a brief in this case, but we find six bills of exception in the record.

[1] Bill 3 complains of the court's refusal to charge on circumstantial evidence.  We are of the opinion that the record clearly shows that this issue was not raised, and the court committed no error in refusing to charge on same.  Hawkins v. State (No. 9342; Tex. Cr. App.) 277 S. W. 1067, not yet [officially] reported.

Bills 4, 5, and 6 complain of the court's charge on the alleged defensive theory, and, upon a careful examination of same, we think the court in his general charge properly applied the law to the facts as presented by the defense in this case, and there is no error of the court therein shown.

[2] Bills 1 and 2 complain of the action of the court in admitting the testimony of the state's witnesses showing that they found the whisky in question in appellant's automobile, because the officer had no search warrant authorizing him to search the automobile in question.  We think, however, that the facts of this case come clearly under article 690 of the 1925 Penal Code, which does not require an officer to have a search warrant to authorize him to search an automobile, when same is used in the presence and view of said officer for the unlawful transportation of intoxicating liquors.  The deputy sheriff was fully authorized, under this statute and the facts here presented, to seize and search said automobile without first obtaining a warrant therefor.

After a careful examination of the entire record, we are of the opinion that the judgment of the trial court should be in all things affirmed, and it is accordingly so ordered.

PER CURIAM.  The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes