## C. C. HAWLEY V. THE STATE

No. 10209.    Delivered February 9, 1927.

Rehearing granted June 1, 1927.

**1.—Searching the Person Without Search Warrant—Statute Construed.**

While there are many exceptions to the inhibition of the search of a person by officers without a search warrant, both in our statutes, and in reason, the failure of the legislature to engraft such exceptions in the statute penalizing unlawful searches, would not militate against the constitutionalty of the act. See Battle v. State, No. 10503 not yet reported, and Odenthal v. State, 106 Tex. Crim. Rep. 1.

**2.—Same—Continued.**

If the officer whose act is challenged can show that he was operating within some exception, which authorized him to make the search, without a search warrant, he may interpose this as a defense to a prosecution under the statute. See Black on Interpretation of Laws, Sec. 29.

ON REHEARING.

**3.—Same—Arrest, Search and Seizure—Without Warrant—Held Lawful.**

On rehearing our attention is called to the fact that complaining witnesses, when arrested, were running an automobile at a rate of speed prohibited by law and within the view of said officers. This being true, the officers were authorized to arrest them without a warrant and the search, which followed their arrest was also lawful and appellants motion for rehearing is granted, and the cause is reversed and remanded. See Arts. 36 and 216, C. C. P.; Hill v. State, 50 Tex. Crim. Rep. 807.

Appeal from the County Court of Tom Green County. Tried below before the Hon. J. T. Mathison, Judge.

Appeal from a conviction for searching persons without a search warrant, penalty one day in the county jail.

*J. J. Curtsinger,* and *Thomas & Lewis* of San Angelo, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant was charged by complaint and information with searching the persons and personal possessions of Ike Chaffin and Lake Tankersley without having a search warrant. Upon conviction punishment was assessed at confinement in the county jail for one day.

Prosecution was under an Act passed by the Thirty-ninth Legislature (Chap. 149, p. 357), and brought forward in the 1925 Revised Code of Criminal Procedure, as Arts 4a and 4b, which read as follows:

"It shall be unlawful for any person or peace officer, or State ranger, to search the private residence, actual place of habitation, place of business, person or personal possessions of any person, without having first obtained a search warrant as required by law.

"Any person violating any provision of this Act shall be deemed guilty of a misdemeanor and upon conviction shall be punished by fine of not less than $100.00 nor more than $500.00 or by confinement in the county jail not more than six months, or by both such fine and imprisonment."

The statute in question is attacked upon the ground that searches are permitted by law under certain circumstances in the absence of a search warrant, the contention being that because this statute ignores these exceptions it renders it uncertain and vague, and by its terms furnishes no guide by which parties affected thereby may know when their acts would be unlawful and when not. The correctness of the principle contended for, namely, that certain searches are lawful even in the absence of warrant authorizing it cannot be denied, and has been recently recognized by this court in construing the very statute under consideration. (See Battle v. State, No. 10505, and Odenthal v. State, No. 9967, recently decided but not yet reported). We do not think the failure of the statute to take note of the exceptions renders it void. If the officer whose act is challenged can

show he was operating within some exception which authorized the search without a search warrant he may interpose this as a defense to a prosecution under the statute.

Neither is it to be doubted that in many cases officers have the right to arrest without warrant, and whenever this right exists the right to search the arrested party also exists, but the search is justifiable only as an incident to a lawful arrest. Ruling Case Law, Vol. 2, Sec. 25, p. 467; Corpus Juris, Vol. 5, p. 434, Sec. 74; Agnello v. United States, 46 Sup. Ct. Rep. 4.

We find nothing in the facts of the present case to justify the arrest without a warrant and therefore no resulting right to search.

The judgment is therefore affirmed.                    *Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant contended originally that the law under which he was prosecuted was so indefinite, vague and uncertain as to make it unconstitutional. The contention was based on the fact that the courts have held in many cases that evidence obtained as a result of searches without warrant, was admissible. Appellant's contention is that these exceptions should have been engrafted on the statute in order to make it valid.

That there are many defenses which in reason may be made to criminal prosecution, even in those cases where the plain letter of the law has been violated, and this, too, though no such statutory defense is written in the law, is a principle as old as the history of jurisprudence. Mr. Black, in his valuable work on Interpretation of Laws, in Sec. 29, states that statutes must be construed with reference to the spirit of the law and reason, and that courts have power to declare a case which falls within the letter of the law to be not governed by such statute because not within the spirit and reason of such law. He cites authorities from many courts and jurisdictions, beginning with the Roman Law, in support of his pronouncement. We are unable to agree with appellant's attack upon this statute.

The second point advanced in the motion is that if we hold the law constitutional, still appellant should not have been convicted, because what he did came within one of those exceptions permitting an arrest and search without warrant. This more appeals to us. Upon the original presentation our attention was particularly directed to the constitutional question raised, and the significance of certain facts escaped us.

Appellant was a policeman in the city of San Angelo. At two o'clock in the morning two men in a car drove past where appel-

lant and another officer were in their car.   The officers followed them.   The rate of speed at which the two men were driving at the time the officers first saw them is not testified to directly, but both men testified that when they discovered the officers pursuing them they began to drive forty miles an hour and upward. One of them said they went faster than forty miles per hour for perhaps two or three miles before they were overtaken.   They were going this way when the officers did overtake them.   The two men in question were used as witnesses by the state and both testified that the officers took them back to town and that they pleaded guilty to speeding.   That they were violating the state speed law when arrested by appellant and the other peace officer, is admitted in the record.   Art. 789, 1925 P. C. makes it an offense to drive a motor vehicle on the public highways of this state at a greater rate of speed than thirty-five miles per hour.   In the chapter containing this forbiddance appears another article authorizing any peace officer to arrest without warrant any person found violating any of the provisions of said chapter.   Appellant and Garrett were policemen.   They were peace officers.   See Art. 36, C. C. P.; Hill v. State, 50 Tex. Crim. Rep. 607.   The rights of such peace officer are the same when he arrests legally without warrant as he might adopt in case of arrest under warrant.   Art. 216, C. C. P..   He is justified in such case in searching the person of the prisoner or prisoners, as stated in our original opinion.

The parties arrested were taken back to San Angelo and entered pleas of guilty in the City Court for speeding.   This would indicate they had violated the speed law in the city limits by acknowledging jurisdiction of the city court.   When appellant first observed them they were in the city.   He followed them from that time until their arrest.   The violation of the speed law was in appellant's presence and the right to arrest can not be questioned and the right to search follows.

Being now convinced that the search without warrant was justified it must follow that the motion for rehearing will be granted, the judgment of affirmance set aside and the judgment now reversed and the cause remanded.

*Reversed and remanded.*