### J. W. PAULK V. THE STATE.

No. 10136. Delivered April 6, 1927.

**1.—Transporting Intoxicating Liquor—Search and Seizure—Not Authorized.**

Where, on a trial for transporting intoxicating liquor, the testimony disclosed that appellant was arrested and searched by officers, who were without a search warrant, and two 12-ounce bottles of whiskey were found on his person, there being nothing disclosed that the officers had any information to the effect, or had probable cause to believe that appellant had whiskey in his possession, the search was unlawful, and evidence obtained by such search was improperly admitted upon the trial. See Odenthal v. State, 106 Tex. Crim. Rep. 1, 290 S. W. 743; Battle v. State, 290 S. W. 762.

**2.—Same—Evidence—Attempt to Impeach—Improperly Admitted.**

Where the state was permitted to prove by one witness that he had never seen appellant doing work of any kind, and by another to the effect that the appellant had not obtained a license as a service car driver, the relevancy of this evidence is not apparent. It was certainly not proper as impeaching him.

Appeal from the District Court of Bowie County. Tried below before the Hon. Hugh Carney, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*George W. Johnson* of New Boston, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of unlawfully transporting intoxicating liquor, and his punishment assessed at one year in the penitentiary.

The record discloses that the appellant was arrested in the city of Texarkana by officers who had neither a warrant nor a search warrant, and that said officers, upon searching appellant's person, found two bottles of whiskey containing twelve ounces each. The appellant testified, and introduced other testimony to the same effect, that his wife and boy were sick with the "flu" and under the treatment of a doctor; that a friend of his by the name of Smith had given him the whiskey in question to be used for medicinal purposes in the treatment of his wife and child; and that at the time of his arrest he was going from the cafe, where the whiskey had been given to him, to his automobile for the purpose of taking said whiskey home to his sick wife and child.

The record contains four bills of exception. In bill No. 1 complaint is made to the action of the court in permitting the state to have the officers Neeley and White testify, over appellant's objection, that when they arrested appellant and searched him they found two 12-ounce bottles of whiskey on his person. The appellant contends that since the officers did not have a search warrant authorizing them to search his person, said evidence was obtained in violation of law and was therefore inadmissible. After a careful examination of the entire record we are of the opinion that the appellant's contention in this respect will have to be sustained, as the record shows that the appellant was arrested and searched without a warrant or search warrant and there is nothing in the record showing that the officers had any information to the effect that appellant had the whiskey in question before the arrest, or that they had "probable cause" authorizing them to make said arrest and search without a warrant.

This court, in the cases of Odenthal v. State, 290 S. W. 743, and Battle v. State, 290 S. W. 762, held that it was improper, under the search and seizure law, for officers to search an automobile on surmise or suspicion; that before they could make such search without a search warrant there would have to be evidence of facts constituting "probable cause"; that the legality of such search must be determined by the existence of "probable cause" before the search; and that the search could not be justified by facts disclosed by said search. The same doctrine would apply to the search of a person without a warrant or search warrant authorizing said arrest or search. The most that can be said in the instant case is that the officers were acting on suspicion, and not upon any facts constituting "probable cause," which forces us to the conclusion that the court erred in admitting the evidence complained of over appellant's objection.

Complaint is also made to the action of the court in permitting the state's witness Albright to testify that he had never seen the appellant doing work of any kind. We are of the opinion that this character of evidence was improperly admitted. The mere fact that the witness had not seen appellant doing any work, or that perchance the appellant was violating the vagrancy law, would not tend to show in any manner that he was guilty of transporting intoxicating liquor.

It seems that the state introduced evidence, over appellant's objection, to the effect that he had not obtained a license as a service car driver. The relevancy of this evidence is not apparent. On another trial, unless the pertinency of this evidence more clearly appears, it should be excluded.

For the errors above discussed, the judgment of the trial court is reversed and remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.