## RUDOLPH ROCHELLE V. THE STATE.

No. 10282. Delivered April 27, 1927.

Rehearing denied June 1, 1927.

**1.—Possessing Intoxicating Liquor—Search Warrant—When Not Necessary.**

Where appellant was seen by officers in his automobile, which contained a carton in plain view having several quarts of whiskey therein, no warrant was necessary to authorize appellant's arrest, and the search of his automobile. See Art. 4a 212-213, C. C. P., 1925; Battle v. State, 290 S. W. 763, and other cases cited.

**2.—Same—Postponement During Trial—To Interview Witness—Properly Refused.**

Where, during the progress of the trial, appellant requested a postponement for the purpose of enabling his counsel to interview appellant's witness, Markham, and it appeared that this witness was a close friend and neighbor of appellant, whom his counsel could have consulted with prior to the trial, and no injury being shown, the request for the postponement was properly refused.

**3.—Same—Impeaching Defendant—Proof of Other Offenses—Properly Admitted.**

There was no error in permitting the state to prove on cross-examination of appellant that he had been indicted in the Federal Court in Arkansas for manufacturing a still, and in a Federal Court in Texas, for manufacturing whiskey. These offenses may be felonies, and are admissible for purposes of impeachment, unless it appears from the bill of exception that in the particular instance it was merely a misdemeanor. See N. S. Compiled Stats. 1925, cumulative supplement, p. 689, Arts. 10138½ et seq.; Ferguson v. State, 276 S. W. 919.

**4.—Same—Continued.**

The foregoing remarks are also applicable to the impeachment of appellant's witness Markham, who was shown to have been indicted for manufacturing a still, and for manufacturing liquor, in a Federal Court in the state of Arkansas.

**5.—Same—Evidence—All of Conversation Admissible.**

Where appellant brought out a part of a conversation between himself and the officers after his arrest, it was proper to permit the state to prove all of the same conversation relating to the same subject, under Art. 728 C. C. P., 1925.

**6.—Same—Requested Charge—On Burden of Proof—Properly Refused.**

There was no error in the refusal to give appellant's requested charge that the state was bound to disprove his exculpatory statement, his defensive theory having been affirmatively and correctly presented in the court's main charge.

ON REHEARING.

**7.—Same—Bill of Exceptions—Qualification by Court—Controls.**

On appeal, appellant complains of the court's qualification of his bill of exception, directed to the search, without a warrant, of his automobile. Unless objected to in the court below, bills of exception are considered by this court as qualified by the trial judge. Where objections and exceptions are properly reserved to such qualifications, the bill is considered here as though not qualified. This rule is well settled.

**8.—Same—"Probable Cause"—Clearly Shown.**

Where officers observed a carton of fruit jars, in plain view, in the rear of appellant's car, and on inspection they were shown to have contained whiskey, and other surrounding facts were shown, "probable cause" to search the car and seize the whiskey was obvious. This conclusion is

in no wise in conflict with our holdings in the Odenthal and Battle cases, nor the announcement of the Supreme Court of the United States in the Carrol case.

Appeal from the District Court of Bowie County. Tried below before the Hon. Hugh Carney, Judge.

Appeal from a conviction for possessing intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*King, Mahaffey & Wheeler,* for appellant. On inadmissibility of all of conversation, appellant cites: Wood v. State, 12 S. W. 405; Craig v. State, 18 S. W. 297; Atkinson v. State, 30 S. W. 1064, and Hinton v. State, 144 S. W. 617.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the possession of intoxicating liquor for the purpose of sale, punishment fixed at confinement in the penitentiary for one year and six months.

The appellant was apprehended at a social gathering of negroes. In his automobile there were three quart jars full of corn whiskey, one fruit jar about half full, a "soda-water bottle with the odor of whiskey and two empty fruit jars with the odor of whiskey in them." This was at night at about eleven o'clock. Peace officers testified that they left Texarkana about nine o'clock at night to go to the home of John Stuart, where there was a negro dance. They drove some 300 yards past Stuart's house and observed the appellant traveling on the road towards Texarkana. After he passed them the officers turned back and went to Stuart's house. Upon reaching a point about thirty steps from the house, they observed the appellant sitting in a car. As the officers approached, they saw other persons leaving the appellant's car and going towards the house. There were several persons around the car. As the officers approached, appellant started the engine. One of them said to him: "Hello, Rochelle, what is the excitement out here?" The appellant did not answer him. They observed in the appellant's car a carton containing the articles mentioned above. According to the state's testimony, appellant stated to the officers that he had been down to the river hunting pecans and had bought the liquor from a negro whose name he did not know; that he paid seven dollars for it.

Appellant testified in his own behalf and introduced the tes-

timony of other witnesses to the effect that he had gone to the vicinity for the purpose of going fishing with two companions; that they concluded that they would like to have some whiskey and went to Stuart's house for the purpose of procuring it; that while there the appellant purchased from a negro by the name of Ivey the whiskey which was found in his car.

The testimony of the officers was opposed upon the ground that the information which they disclosed was obtained by an illegal search of the appellant's automobile and that the introduction of the testimony was inhibited by Art. 727a, C. C. P., 1925, in which testimony obtained through an illegal search was declared inadmissible. The position taken by the state is that the facts adduced antecedent to the search were sufficient to show "probable cause" within the meaning of the Constitution and the statutes (Art. 4a, C. C. P., 1925), and was therefore not subject to the objection made. In qualifying the bill the court stated that the officers had no search warrant, but that the whiskey was in plain view of the officers and that no search was necessary to find it; that its possession was a felony committed in the presence of the officers, and that no warrant was needed for the arrest of the appellant. The evidence adduced apparently supports this accepted qualification of the appellant's bill of exceptions. and brings the case within the rule stated in Battle v. State, 290 S. W. 763; Odenthal v. State, 290 S. W. 745; Carroll v. United States, 267 U. S. 132. It also comes within the purview of the law which authorizes a search contemporaneous with a lawful arrest. See Arts. 212, 213, C. C. P., 1925; also Hodges v. State, 6 Tex. Crim. App. 620, and other cases collated in Branch's Ann. Tex. P. C., Sec. 1979; Crippin v. State, 80 Tex. Crim. Rep. 293; Carroll v. United States, supra; Agnello v. United States, 269 U. S. 20, 70 L. Ed. 145, and other cases collated in Moore v. State (No. 10247), not yet reported. The above disposes of bills of exceptions Nos. 1 and 2.

Bill No. 3 reflects the complaint of the refusal of the court to postpone the proceedings in order that the attorneys might talk with the witness Markham, for whom an attachment had been issued. From the bill it appears that the appellant desired to refrain from becoming a witness until after Markham had been interviewed by his attorneys. Markham arrived, it seems, about two hours after the appellant had testified. The bill fails to show that there was any conflict between the testimony of the appellant and that of Markham, and the statement of facts indicates that their testimony was not in conflict. Moreover, in qualifying the bill, the court stated that Markham and the

appellant were neighbors and that he could very easily have been interviewed before the announcement of ready for trial. The record indicates that the appellant and Markham were intimate friends.

Bill No. 4 complains of the introduction of testimony to the effect that the appellant had been previously indicted in the Federal Court in Miller County, Arkansas, for the manufacture of a still. It appears that this testimony was withdrawn by the court. In explanation of the bill the stenographer's transcription of his notes is attached. It appears that state's counsel asked the appellant if he had not been indicted in Arkansas, to which he replied: "Not in the state court but in the Federal Court," where he and the witness Markham were jointly charged with making a still. Appellant also said that he and Markham had also been indicted in the Federal Court in Texas, with manufacturing whiskey. The objection urged to this testimony was that the offense was a misdemeanor. The court, being in doubt about it, struck out the testimony. We understand that under the Federal statutes enforcing the prohibition embraced in the Eighteenth Amendment to the Constitution, the offenses mentioned may be felonies. See U. S. Compiled Statutes, 1923 Cumulative Supplement, under the head of National Prohibition, p. 689, Arts. 10138½ et seq.

The matter was before this court in Ferguson's case, 276 S. W. 919, in which it was said that when, for the purpose of impeachment, proof is made that a witness has been charged with an offense which may be a felony, error is not shown in the receipt of the evidence, unless it appears from the bill of exceptions that in the particular instance it was merely a misdemeanor. In the present case, the bill does not show error.

In bill No. 6 it appears that the witness Markham testified on cross-examination that he had been indicted in the Federal Court in Arkansas for manufacturing a still and had been acquitted. He was asked how many times he had been indicted in Texas for felonies. He replied:

"Well, I was indicted twice in Texas that I know of. I don't know whether it was an indictment or not, but I paid a fine for fighting; also for dynamiting fish."

This was excluded. He then answered that he had been indicted in Texarkana in the Federal Court for manufacturing liquor and in Arkansas for manufacturing a still. It appears that he was charged in the state court by a complaint with manufacturing a still but was not indicted. The remarks touching bill No. 5 are also applicable to bill No. 6.

From bill No. 7 it appears that objection was made to the testimony of Officer McDonald with regard to his conversation with the appellant at the time of his arrest, to the effect that in reply to a question appellant stated that while hunting pecans down by the river he bought the whiskey from a negro for seven dollars. Against this testimony objection was urged that it was violative of the confession statute which inhibits the introduction of declarations of the accused made while under arrest for the purpose of inculpating him. In qualifying the bill the court stated that the remarks were a part of the conversation between the appellant and the officers; that it was first introduced by the appellant; that is to say, that the appellant opened the conversation and the testimony complained of is a part of the same conversation. This being true, it was admissible under the statute. Art. 728, C. C. P., 1925.

Bill No. 8 raises the identical question as that discussed in bill No. 7. It was introduced in evidence that the appellant stated to the officers at or about the time of his arrest that he was going to carry the whiskey home with him.

In bill No. 8 appellant insists that the court was in error in failing to instruct the jury that as a predicate for conviction the state was bound to disprove this statement. In qualifying the bill the court refers to the main charge, in which we find that the appellant's defensive theory, namely, that he purchased the liquor for beverage purposes, was submitted to the jury with an instruction to acquit if they believed such to be the case or had a reasonable doubt upon the subject. The court also charged the jury on circumstantial evidence. It is not believed that the bill reveals reversible error.

The judgment is affirmed. *Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—It is insisted by appellant that our opinion is not supported by Carroll v. United States, 267 U. S. 132; Odenthal v. State, 290 S. W. 745, and Battle v. State, 290 S. W. 763, but that it is diametrically opposed to the announcements made in said cases. We thought at the time the original opinion was delivered that the facts of this case brought it squarely within the principle announced in those just mentioned. However, in view of appellant's motion we have again reviewed all the evidence and are further convinced that we made no mistake in our original opinion.

As we understand the testimony it shows that appellant was a white man. Stuart was a negro at whose house a negro dance

was in progress. · Appellant was seen by the officers to drive in an automobile to a point in front of and near Stuart's house. When the officers approached a number of negroes were around appellant's car. As the officers came up the negroes left the car and went towards the house. Appellant, who was in his car under the steering wheel, started the engine as the officers approached. McDonald, one of the officers, testified:

"As I approached the car the defendant started the motor, and I went up to the side of the car and spoke to him and says, 'Hello, Rochelle, what is the excitement out here?' I don't think he said anything right then. I then looked back between the front and back seat and there was a fruit jar carton back there with some jars inside of it; there were three quart jars full of corn liquor and one fruit jar about a fourth full, and a soda pop bottle that had the odor of liquor in it, and two empty quart fruit jars with the odor of liquor in them. The defendant was the only one in the car; he was sitting under the steering wheel in the car."

Upon being recalled and questioned about the conversation which occurred at the car the witness further said:

"That was not the starting of the conversation, that was after I had spoken to him, and saw this whiskey in the back of the car and found out what it was; I had spoke to him and asked him what the excitement was, and he said nothing, and it was perhaps two or three minutes from then until I had the conversation at the car. I went up there to the car and spoke to Rochelle and asked him what the excitement was, and he said nothing—I mean that he meant there was no excitement—he said the word 'Nothing,' and then I looked behind the seats and saw the liquor and examined it, and that is when he made the statement to me, and that was two or three minutes after, something like that, the length of time was separated in that way."

Neeley, another officer, testified:

"When we got up there I saw Mr. Rochelle sitting there in his car with the engine running, and when we got to the car there were several negroes around this car. I looked in the car—*we could see in the car from where we were—we saw a carton with some fruit jars in it;* there were three quart fruit jars full of whiskey, and one quart about a quarter full, and two empty jars with the odor of whiskey, and a soda water bottle with the odor of whiskey. This carton was just an empty box that has got this corrugated pasteboard in between, just a regular box that they come in, and it looked new, just had the top throwed back."

In appellant's motion the qualification placed upon a bill of exception by the trial court to the effect that the whiskey was in plain view of the officers and that no search was necessary to find it, is very severely criticised as being a most remarkable qualification not authorized by the evidence, and an invasion of the province of the jury. We would observe that appellant was not required under the law to accept the bill as thus qualified, but might have refused such acceptance, or have had the court note over his signature an objection to such qualification. He did neither, but accepted the bill as thus explained. The court by such explanation could add nothing to the testimony. As the presiding judge he was called upon to determine the admissibility of the evidence in the absence of a search warrant and the explanation is helpful to this court as indicating what impression had been made upon the trial judge by the evidence detailed before him. The officers violated no provision of the State or Federal Constitution nor of the statutes when they approached appellant's car and inquired what "was the excitement," nor when they observed in his car the fruit jar carton with jars in it. Truly the contents of the jars could not be definitely known until an examination of them revealed it, but the question to be determined is, were the facts and circumstances known to the officers and observed by them antecedent to a search or examination of the contents of the jars sufficiently strong in themselves to warrant a cautious man in the belief that the contents of the automobile offended against the law? If so, "probable cause" existed to authorize the subsequent examination or search and the receipt in evidence of the result thereof was not inhibited.

We are confirmed in our opinion that the circumstances under which the officers observed appellant's car, and the facts which appear plainly from the evidence, that without any search or violation of any of appellant's legal or constitutional rights they could see in the car between the seats the carton with the fruit jars in it presented a case of "probable cause" authorizing the officers without a warrant to examine the contents of the car, and that the court committed no error in permitting them to detail before the jury what they discovered as a result of such search.

Appellant's motion for rehearing is overruled.

*Overruled.*