## MACK SMYRLE V. THE STATE.

No. 10866.   Delivered May 25, 1927.

Rehearing denied October 26, 1927.

**1.—Transporting Intoxicating Liquor—Search Warrant—Not Necessary.**

Where appellant in an intoxicated condition was driving an automobile just ahead of some officers who were in another car, and stopped his car partly in the road and put out the lights, and the officers on driving up observed some cartons filled with jars and smelled whiskey, and on examination of appellant's car, discovered 11 quarts of whiskey in his car, probable cause was shown, and a search warrant, authorizing the search of the car, was not necessary. See McIlveene v. State, 261 S. W. 873, and other cases cited.

**2.—Same—Argument of Counsel—Not Reversible Error.**

Where counsel for the state in his argument said that the appellant was carrying the whiskey in question to a party, for the purpose of selling it to boys and girls, and that when sold, and drank by the boys and girls it would cause the girls to do things they would not do otherwise, and there was evidence which would warrant these deductions, no reversible error is shown.

ON REHEARING.

**3.—Same—Probable Cause—Clearly Shown.**

Where officers on driving up to appellant's auto, which was at a standstill discovered a carton in the front seat in plain view, containing 11 quarts of whiskey, the appellant was caught in the act of committing a felony, and no search warrant was required to authorize the arrest of appellant and the seizure of the whiskey. Following Rochelle v. State, 294 S. W. 860. Also see Carroll v. U. S., 267 U. S. 132, 69 Law Ed. 543; 39 A. L. R. 790.

Appeal from the District Court of Smith County. Tried below before the Hon. J. R. Warren, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Gentry & Gray* of Tyler, for appellant.

Sam D. Stinson State's Attorney and Robert M. Lyles, Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of unlawfully transporting intoxicating liquor, and his punishment assessed at one year in the penitentiary.

The record discloses that the state's witness J. A. Spivey, a constable, and W. F. Freeman, deputy constable, while travelling a public road at night, observed an automobile being driven down the road ahead of them. The officers finally overtook the car, which had been stopped partly in the road and the lights turned out, and observed someone seated therein. They stopped their automobile and asked what the trouble was but received no reply, whereupon the officers turned a flashlight on the car and discovered the appellant in an intoxicated condition. They also observed a half-carton of fruit jars filled with some kind of liquid and detected the odor of whiskey. Going to the car in which appellant was seated, the officers found 11 quarts of whiskey and a sack containing bottles filled with home brew.

The appellant did not testify or offer any evidence.

There are three bills of exception in the record.

Bills 1 and 2 complain of the action of the court in permitting the state's witnesses Spivey and Freeman to testify to finding the whiskey in the car, the objection being that they had no search warrant authorizing them to search said car. It is contended that by reason of the search without a warrant, the testimony objected to in this bill was in violation of law. We are not in accord with this contention. The record discloses that the state's witnesses, upon stopping their car and flashing a light on the other automobile, recognized the appellant and detected the odor of whiskey, and also observed that appellant was in a state of intoxication. These facts, coupled with the further fact that the appellant had stopped his car partly in the road and turned out the lights, were sufficient to authorize the officers to search said automobile without a search warrant, under Art. 691, P. C. Also see McIlveene v. State, 281 S. W. 873; Battle v. State, 290 S. W. 762, and Manrique v. State, 291 S. W. 231. Besides, since the appellant was driving the automobile while intoxicated in the presence and view of the officers, he was guilty of a felony, which authorized the officers to arrest him, and the right to search the car would follow.

In bill No. 3, complaint is made to the argument of the District Attorney, which was to the effect that the appellant was carrying the whiskey in question to a party for the purpose of selling

it to boys and girls, and that when he sold it and the boys and girls drank some of it, it would cause the girls to ruin themselves and do things they would not do otherwise. Upon objection by appellant, the court instructed the District Attorney to argue only the facts, to which the Attorney replied that he was only drawing his conclusions from the testimony. The state's witness Sides testified that appellant borrowed his automobile about 10:00 o'clock on the night of the alleged offense and stated that he wanted it to go to the party at Flint. In view of the facts of the case and the qualifications of the court to this bill, and the further fact that appellant received the minimum punishment, we are of the opinion that this bill of exception, as presented, shows no reversible error.

The judgment of the trial court is affirmed.　　　*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant files an exhaustive motion for rehearing, urging that the facts of the present case do not bring it within the rule announced in Odenthal v. State, 290 S. W. 743; Battle v. State, 290 S. W. 762; Paulk v. State, 293 S. W. 169, and insists that the officers had no information prior to the beginning of the search upon which to predicate probable cause. Our analysis of the evidence does not lead us to such conclusion. The facts of the present case are not dissimilar to those found in Rochelle v. State, 294 S. W. 860. In the present case two officers at night observed a car traveling ahead of them and the tail light disappeared over a hill. When they reached the top of the hill the tail light was not to be seen. Continuing on the road they soon found the car turned partly out of the road but the rear wheels in it and the lights out. At this time the officers did not have any suspicion that there was anything wrong but thought someone was in trouble and drove around the car and asked if they needed help. Seeing someone in the car under the steering wheel but receiving no reply to their inquiry one of the officers threw his flashlight on the car. Appellant was discovered to be at the steering wheel. In that connection the officer testified:

"When I first flashed my light on him to see who it was when he did not answer, I could see the fruit jar case and the tops of fruit jars in that case. That was all he had on the front seat beside him. There was whiskey in those fruit jars. I could

tell there was something in them. I could smell whiskey. That was out in plain view. There were eleven quarts of whiskey in the case."

It is apparent from this testimony of the officer that before he got out of his car he could see the carton of fruit jars on the seat beside appellant. This would furnish "probable cause" upon which the officers were justified in acting in then approaching the car and making a closer examination from which the discovery resulted that the jars contained whiskey. As was said in Rochelle's case (supra) the officers violated no provision of the State or Federal Constitutions nor of the statutes of this state when they stopped at appellant's car and inquired if he was in trouble, nor when receiving no reply to their inquiry they threw the flashlight upon the car. The fruit jar carton on the seat beside him was in full view of the officers at this time and their further investigation of the probable contents of the jars was justified under the cases heretofore cited and is in accord with the holding of the Supreme Court of the United States in Carroll v. U. S., 267 U. S. 132, 69 L. Ed. 543, 39 A. L. R. 790.

Appellant's motion for rehearing is overruled.

*Overruled.*