## ETTA COATS V. THE STATE.

### No. 11111.   Delivered December 14, 1927.

**1.—Possessing Intoxicating Liquor—Search and Seizure—Statute Construed.**

Under Art. 691 of our penal code it is plain that the legislature in its enactment contemplated the necessity of a search warrant to authorize the search of either a private dwelling, store, shop, hotel, or boarding house, the only distinction being that where the warrant was sought to search a private dwelling, two affiants instead of one were required.

**2.—Same—Continued.**

In 1925 the legislature supplemented the above statute by the enactment of Arts. 4a, 4b, and 727a of our C. C. P., which excludes evidence secured by an unlawful search, and affixes a penalty upon anyone guilty of such unlawful search.

**3.—Same—Continued.**

Construing Arts. 4a, 4b, and 727a in connection with Art. 691 the conclusion is not to be escaped that in the absence of a valid warrant, authorizing the search, Art. 727a inhibits the use of the evidence obtained by the search.

**4.—Same—Continued.**

In the Odenthal case, 106 Tex. Crim. Rep. 1, following the Carroll case, 267 U. S. 132, construing Art. 690, P. C., it was held that if an officer was in possession of information or had knowledge of facts in advance of the search which amounted to "probable cause," he would be authorized without a search warrant to search an *automobile, or other vehicle*, etc., enumerated in said Art. 690, P. C.

**5.—Same—Continued.**

The necessity and reason for the distinction between searches of automobiles, or other movable instrumentalities, and dwellings, store houses, or other fixed structures is very clearly stated in Odenthal v. State, supra.

**6.—Same—Arrest and Search Without Warrant—Rule Stated.**

A peace officer is authorized to arrest without warrant where a felony is committed in his presence. Where a legal arrest occurs, the right to search follows. In the instant case there was no pretense of a legal arrest upon which the search could be predicated, and it follows that the judgment must be reversed. See Art. 212, C. C. P., Washington v. State, 296 S. W. 512, and other cases cited.

Appeal from the District Court of Schleicher County on a change of venue from Irion County. Tried below before the Hon. J. F. Sutton, Judge.

Appeal from a conviction for possessing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*James Cornell* and *S. C. Autrey*, for appellant,

*A. A. Dawson*, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for the possession of intoxicating liquor for the purpose of sale, punishment being one year in the penitentiary.

Appellant with her children occupied a house, part of which was used as their private dwelling, a part was let to roomers, and still another portion was devoted to business purposes, where confections and cold drinks were sold. The sheriff procured a search warrant and with other parties searched the premises and found a small quantity of intoxicating liquor.

It was admitted upon the trial that the search warrant was invalid and it was not relied on as authorizing the search. The trial was conducted as if no search warrant had ever issued, the sole contention on the part of the state being that if the searching officers were in possession of information amounting to "probable cause," the search was authorized in the absence of a warrant. If this contention is incorrect the judgment must be reversed. We think the statutes settle the question against the state. Title 6, C. C. P., relates to procuring the issuance of search warrants generally. At the Second Called Session of the Legislature, 1919, p. 238, the provision of said Title 6 was supplemented by what is now Art. 691 of the penal code, and which reads as follows, with the parts not applicable deleted.

"A search warrant may be issued under Title 6 of the Code of Criminal Procedure for the purpose of searching for and seizing and destroying any intoxicating liquor possessed, sold, or to be sold * * * in violation of this law * * * * No warrant shall be issued to search a private dwelling occupied as such unless some part of it is used as a store, shop, hotel, or boarding house, or for some purpose other than a private residence, or unless the affidavits of two credible persons show that such residence is a place where intoxicating liquor is sold or manufactured in violation of the terms of this act. The application for the issuance of and the execution of any such search warrant, and all proceedings relative thereto, shall conform as near as may be to the provisions of Title 6 of the Code of Criminal Procedure, except where otherwise provided in this title." * * *

It is plain that the Legislature by the foregoing enactment contemplated the necessity of a search warrant to authorize the

search of either a private dwelling, store, shop, hotel, or boarding house, the only distinction being that where the warrant was sought to search a private dwelling two affiants instead of one were required. In 1925 the Legislature still further supplemented the statute already in operation by the enactment of what is now found in the Code of Criminal Procedure as Arts. 4a, 4b, and 727a, and which articles are as follows:

Art. 4a: "It shall be unlawful for any person or peace officer, or state ranger, to search the private residence, actual place of habitation, place of business, person or personal possessions of any persons without having first obtained a search warrant as required by law."

Art. 4b: "Any person violating any provision of this Act shall be deemed guilty of a misdemeanor and upon conviction shall be punished by fine of not less than $100.00 nor more than $500.00, or by confinement in the county jail not more than six months, or by both such fine and imprisonment."

Art. 727a: "No evidence obtained by an officer or other person in violation of any provision of the Constitution or laws of the State of Texas, or of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case."

The place searched in the present instance is one of those designated in Art. 4a. Construing that article in connection with Art. 691, the conclusion is not to be escaped that in the absence of a valid warrant authorizing the search Art. 727a inhibits the use of the evidence obtained.

Art. 690, P. C., declares: "Any animal, automobile, flying machine, airplane, boat, ship, or other vehicle or instrumentality used for the unlawful transportation or storage of intoxicating liquor" to be a public nuisance, and authorized peace officers to seize without warrant any such instrumentalities used in their presence and view either for the unlawful transportation or storage of intoxicating liquor, or for the commission of any other act made penal by Chap. 7 of the P. C. Following Carroll v. U. S., 267 U. S. 132, 69 L. Ed. 543, 39 A. L. R. 790, this court held in Odenthal v. State, 290 S. W. 743, that if an officer was in possession of information or had knowledge of facts in advance of the search which amounted to "probable cause" he would be authorized without a search warrant to search an automobile. The holding was based upon the theory that such a search was not "unreasonable" and therefore not in violation of the Constitution or laws of either this state or the United States, and was in consonance with the spirit of

the law as announced in said Art. 690. The necessity and reason for the distinction between searches of automobiles or other movable instrumentalities and dwellings, store houses, or other fixed structures is very clearly stated in Carroll's case, supra, and quoted with approval in Odenthal v. State, supra, as follows:

"We have made a somewhat extended reference to these statutes to show that the guaranty of freedom from unreasonable searches and seizures by the Fourth Amendment has been construed, practically since the beginning of the government, as recognizing a necessary difference between a search of a store, dwelling house, or other structure in respect of which a proper official warrant readily may be obtained, and a search of a ship, motor boat, wagon, or automobile, for contraband goods, where it. is not practicable to secure a warrant because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought."

For convenience the reported cases which follow Odenthal v. State are collated here as follows: Battle v. State, 290 S. W. 762; Whitworth v. State, 290 S. W. 764; Straley v. State, 290 S. W. 766; Fowler v. State, 290 S. W. 1104; Plant v. State, 292 S. W. 550; Reynolds v. State, 293 S. W. 178; Rochelle v. State, 294 S. W. 860; Washington v. State, 296 S. W. 512; Smyrle v. State, 298 S. W. 598.

It is clear that the principle announced in Carroll, Odenthal, and other cases following them has no application in the present case.

Article 212, Code of Criminal Procedure, authorizes a peace officer to arrest without warrant where a felony is committed in his presence. Where a legal arrest occurs the right to search follows. See Washington v. State, 296 S. W. 512, and authorities therein cited. Sandoval v. State, 293 S. W. 168; Paulk v. State, 293 S. W. 169; Hawley v. State, 296 S. W. 556. This principle has been applied many times by the Supreme Court of the United States. See Agnello v. U. S., 269 U. S. 20, 70 L. Ed. 145, and authorities therein cited. In the latter case government agents looking through the window of a residence observed a sale therein of narcotics. The entry of the house, the arrest of the party making the sale, and the search for and seizure of narcotics were all held to be legal in the absence of a search warrant. In the case now being considered there was no pretense of a legal arrest upon which the search could be predicated.

From what has been said it follows that the judgment must be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*