LICIOUS DOUGLAS v. THE STATE.

No. 12008. Delivered November 21, 1928.
Rehearing denied January 9, 1929.

The opinion states the case.

*F. O. Fuller* of Houston, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor; punishment, one year in the penitentiary.

There are five bills of exception in the record. The first complains of the refusal of an application for continuance. Same is without merit. We have carefully examined the testimony given by appellant and the other witnesses and find none of them state any facts upon which the alleged absent testimony would shed any light or to which it would appear to be material. The facts stated as expected from the absent witness are conclusions and such as he would be unable to state in testimony if present.

Bills of exception Nos. 2 and 3 relate to the overruling of appellant's objections to the reception of the testimony of the officers as to what they found in the car at the time of a search thereof. Under the facts in this case we deem the officers well within their province in searching this car without a search warrant. Appellant and others approached the place where the officers were secreted. The car slowed up and came almost to a stop about fifteen feet from where the officers were. The officers walked toward the car, whereupon one of the men in the car threw out of same a jar of whisky. The officers thereupon arrested the entire party and search of the car revealed other quantities of whisky and beer. These facts seem without controversy.

Bill of exceptions No. 4 presents an objection to what was said by the officer to appellant's companion at the time he threw the whisky out of the car and the reply made by the man with appellant to the officer. We regard the matter as res gestae of the transaction and admissible. No error is shown in the complaint set out in bill of exceptions No. 5, which rests upon the introduction in evidence of the liquor.

We regard the testimony as amply sufficient. Appellant was sitting in the back seat of the car and in that part of the vehicle were found two jars of whisky. A statement of appellant himself was introduced in which he said the whisky belonged to them all. Another witness who was in the car said that when he found out the whisky was in it he asked Blanks, who was driving the car, to sell him some, and that Blanks told him it belonged to appellant. That he told appellant he had forty-five cents and wanted to buy that

much whisky and that appellant told him it was too small an amount to fool with and refused to sell it to him.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant bases his motion for rehearing on the renewed contention that the officers searched the car without probable cause and hence their evidence as to finding whiskey in it was improperly received. We have again reviewed the facts and think appellant's position not tenable. Rochelle v. State, 107 Tex. Cr. R. 79, 294 S. W. 860; Washington v. State, 107 Tex. Cr. R. 214, 296 S. W. 512; Smyrle v. State, 107 Tex. Cr. R. 663, 298 S. W. 598.

The motion for rehearing is overruled.

*Overruled.*