Tex. Cr. R. 387, 20 S. W. 741; Brown v. State, 6 Tex. App. 286; Biggerstaff v. State, 59 Tex. Cr. R. 575, 129 S. W. 840; Hollingsworth v. State, 87 Tex. Cr. R. 399, 221 S. W. 978.

In the absence of any challenge to the jurisdiction of the district court of Taylor county when the appellant, at the time of his trial, pleaded to the indictment, the recitals in the judgment of conviction may be looked to and the presumptions in favor of the regularity of the action of the court may be considered in passing upon the claim that the indictment against the appellant which is copied in the transcript was not regularly before the court when the case was tried. See Hickox v. State, 104 Tex. Cr. R. 649, 285 S. W. 621. No such fault in the procedure is disclosed by the record as will warrant a reversal of the judgment.

The other matters to which the motion is addressed are regarded as having been properly determined in the opinion on the original hearing.

The motion is overruled.

ward. A state's witness testified that appellant sold him a pint of whisky. Testifying in his own behalf, appellant denied that he made the sale. In exercising their prerogative of passing upon the credibility of the witnesses and the weight to be given their testimony, the jury were warranted in returning a verdict of guilty.

Motion for a new trial was based on newly discovered evidence. It is recited in the order overruling the motion that evidence was heard by the trial court. The evidence is not brought forward. We must therefore indulge the presumption that the court's action in overruling the motion was correct, and that the trial court acted upon evidence which was sufficient to justify his action. Sykes v. State, 109 Tex. Cr. R. 39, 2 S.W.(2d) 863.

The judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## SCROGGINS v. STATE. (No. 12685.)

Court of Criminal Appeals of Texas. May 22, 1929.

W. B. Howard, of Childress, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

CHRISTIAN, J. The offense is selling intoxicating liquor; the punishment, confinement in the penitentiary for two years.

No bills of exception are brought for-

## PHŒNIX v. STATE. (No. 12569.)

Court of Criminal Appeals of Texas. May 15, 1929.

Shropshire & Adkins, of Brady, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for transporting intoxicating liquor; punishment, one year in the penitentiary.

The owner of a stolen overcoat observed appellant in possession of and wearing said coat. He immediately 'informed a magistrate of this fact. The latter caused the arrest of appellant, who was at once brought before said magistrate. Search of his person revealed the presence of several bottles of whisky and a pistol. The arrest without warrant was legal. Article 325, Code Cr. Proc. 1925; Burkhardt v. State, 83 Tex. Cr. R. 228, 202 S. W. 513; Porez v. State, 29 Tex. App. 618, 16 S. W. 750; Morris v. Kasling, 79 Tex. 141, 15 S. W. 226, 11 L. R. A. 398. Under all the authorities one legally arrested may be legally searched. Washington v. State, 107 Tex. Cr. R. 214, 296 S. W. 512; Sandoval v. State, 106 Tex. Cr. R. 468, 293 S. W. 168; Paulk v. State, 106 Tex. Cr. R. 472, 293 S. W. 169; Hawley v. State, 107 Tex. Cr. R. 243, 296 S. W. 556; Coats v. State, 108 Tex. Cr. R. 301, 1 S.W. (2d) 288; Agnello v. United States, 269 U. S. 20, 46 S. Ct. 4, 70 L. Ed. 145, 51 A. L. R. 409. The finding of the pistol was part of the res gestæ of the search and of the offense and was provable. Appellant was on a public street when first observed on the occasion in question. He was going along the street. When arrested a short time thereafter he had gone further along said street. We think the conviction for transportation of intoxicating liquor not without support. Objection to testimony of the search and its results was not well taken under the authorities above cited.·

Finding no error in the record, the judgment will be affirmed.