## GRAVES v. STATE. (No. 12563.)

Court of Criminal Appeals of Texas.
May 15, 1929.

Rehearing Denied Oct. 16, 1929.

V. L. Shurtleff, of Breckenridge, and Grisham Bros., of Eastland, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

CHRISTIAN, J. The offense is transporting intoxicating liquor; the punishment, confinement in the penitentiary for two years.

Appellant, while driving an Essex roadster, collided with another automobile on the public square in the city of Eastland. The car was taken to the Eastland gasoline station for the purpose of being repaired. Shortly after the collision, an officer went to the gasoline station for the purpose of searching the car. The testimony of the officer was in substance as follows:

The officer asked appellant if he had any liquor in the car. Appellant answered in the negative. The officer opened the door of the car and looked in the pocket, but found no liquor there. Whereupon he asked appellant for a key to the turtle back of the car. Appellant said there was not any key to it. Making further search, the officer discovered that the upholstery in the back of the seat was pulled forward. Pulling the upholstery forward, he found a fruit jar in the back. In the turtle back of the car he found two gallons of whisky. When he insisted on searching the car, appellant showed the officer a Masonic pin, and told him that he had sat in the lodge with the officer's father. Referring to the liquor he said there was not but a small amount in the car, and that he thought the officer ought to let him "get by with it." The officer replied that, if he did not have but a little, there probably would not be any charge filed against him. Appellant then said that he expected there was more in there than "they would let him by with." While the search was in progress, a foster brother of appellant drove up in a Dodge roadster and attempted to enter the Essex roadster. He appeared to be trying to get possession of the liquor, in order that he might break it. He got hold of the door

to the turtle back of the car, where the liquor was located, and pulled it forward.

Appellant testified that he came to Eastland on the day he was arrested in a Dodge roadster; that prior to coming to Eastland he had agreed with his foster brother to exchange cars with him, in order that his foster brother might drive to Cross Plains in the Dodge roadster; that the Essex roadster was being driven by a man by the name of Perryman; that, pursuant to his agreement with his foster brother, he (appellant) exchanged the Dodge roadster for the Essex roadster; that he then started to the town of Ranger in the Essex roadster; that he had traveled about a block, when he had a collision with an automobile; that he sent for a wrecker, and had the Essex roadster removed to the filling station. He testified that he had no information that there was whisky in the car at the time he was driving it, and that he did not see the officer when he got the whisky out of the car. The court submitted the case on the law of circumstantial evidence. We are of the opinion that appellant's contention that the evidence is insufficient cannot be sustained.

■ No search warrant had been issued authorizing the search of appellant's car. Timely objection was made to the testimony of the officer touching the result of the search, on the ground that the search was made without a search warrant and without "probable cause." In qualifying appellant's bill of exception, the court states that when the objection was made the jury was retired, while the officer was interrogated as to his reasons for making the search without a warrant. It is shown in the qualification that the officer testified that he had been told that there was whisky in appellant's car at the time of the collision; that Mr. Payne, a deputy sheriff, and other officers, had told him that appellant was a bootlegger; that just before he searched the car a man walked up to him and told him that appellant was a bootlegger, and that he believed that appellant had whisky in his automobile. We think that the information to the effect that appellant had whisky in the car at the time of the collision, taken in connection with the fact that certain officers and others had told the witness that appellant was a bootlegger, would be sufficient to constitute "probable cause," as that term is defined in our decisions. In Landa v. Obert, 45 Tex. 539, the Supreme Court of this state defined "probable cause" as follows: "A reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged."

■ Where, in advance of the search of an automobile, there is evidence of facts showing probable cause a search without warrant is justified. Rochelle v. State, 107 Tex. Cr. R. 79, 294 S. W. 860; Battle v. State, 105 Tex. Cr. R. 568, 290 S. W. 762; Odenthal v. State, 106 Tex. Cr. R. 1, 290 S. W. 743.

Finding no error in the record, the judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

MORROW, P. J. Upon the evidence adduced and summarized in the original opinion, the view is expressed that the court was not in error in its conclusion that the search of the appellant's automobile was upon "probable cause," as that term is defined in the precedents. In making the search, there was, in our opinion, no transgression of the principle announced by this court in the case of Chapin v. State, 107 Tex. Cr. R. 477, 296 S. W. 1095.

The motion is overruled.